1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL LOCKETT
     aka MICHAEL CARTER,
11              Petitioner,              No. CIV S-06-2014 FCD KJM P

12        vs.

13   R. RYAN, Warden, et al.,

14              Respondents.            FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a state prison inmate proceeding pro se with a petition for a writ of

17   habeas corpus, challenging the loss of 180 days of good time credits as the result of disciplinary

18   proceedings stemming from his refusal to submit to testing for the state's DNA database.  See

19   Cal. Penal Code § 296.   Respondent has filed a motion to dismiss, arguing that the petition is not

20   timely and that the issues have been defaulted procedurally.  Because the court concludes that the

21   petition is not timely, it will not reach the default issue.

22   I.  Background

23          Petitioner has listed the "date of judgment of conviction" on the petition form as

24   "03/13/02, 05/10/02, 03/13/02."  Pet. at 1.  Respondent contends a review of petitioner's central

25   file does not reveal any disciplinary proceedings, but does show that Director's Level resolutions

26   of grievances were issued on those days.  Motion To Dismiss (MTD) at 3.

1

1     Respondent has not filed copies of these administrative decisions.  However, in

2  his opposition, petitioner discusses and attaches copies of several disciplinary proceedings, all

3  stemming from his refusal to comply with orders to provide samples for the DNA database.  Four

4  of the attached proceeding records are relevant here.[1]  In Exhibit B, petitioner includes

5  documents from High Desert State Prison (HDSP) grievance Log No. 01-03205.  See Opp'n,

6  Ex. B.  This grievance, in turn, arose from Rules Violation Report FB-01-08-037, which

7  described petitioner's August 29, 2001 refusal to submit to testing.  Id.  The Director's Level

8  decision on the grievance that challenged the disciplinary finding was rendered on March 13,

9  2002.  Id.

10     Exhibit C is comprised of documents relating to HDSP grievance Log No. 01-

11  03322.  Opp'n, Ex. C.  This, too, concerns a Rules Violation Report, number FB-01-01-011,

12  issued for petitioner's failure to submit to testing on September 5, 2001.  Id.  The Director's

13  Level decision was issued May 10, 2002.  Id.

14     Finally, the documents in Exhibit D involve HDSP grievance Log No. 01-03743,

15  which was filed after petitioner was found guilty of Rules Violation Report FB-01-10-015, for a

16  refusal to submit to testing on October 11, 2001.  Opp'n, Ex. D.  The Director's Level decision is

17  dated March 13, 2002.  Id.

18     Petitioner claims to have filed a petition in Lassen County Superior Court in

19  August 2002, which was denied September 13, 2002, but he has presented nothing other than a

20  reference by that court in a later denial to the earlier filed petition.   Opp'n, Ex. E at 1:19-21.

21     Respondent has provided a copy of a petition with the caption "Lassen County

22  Superior Court," but it is neither signed nor dated.  MTD, Ex. 1 at 10.[2]  Respondent also has

23

24     [1]  The documents in Exhibit A are not germane to this habeas petition, for they involve a
disciplinary proceeding that was reversed at the Director's Level.

25

26     [2]  The court relies on the page numbers assigned to docket number 9-2 by the CM/ECF
system.

1    provided a copy of the Superior Court's order, dated September 13, 2004.  Id., Ex. 1 at 2.

2              Petitioner pursued his state remedies by filing a petition for a writ of habeas

3    corpus in the California Court of Appeal on December 13, 2004.  This was denied in an order

4    filed December 16, 2004.  MTD, Ex. 2.

5              A petition was filed in the California Supreme Court on January 24, 2005 and

6    denied on September 21, 2005.  MTD, Ex. 3.

7              The instant petition was filed September 8, 2006.

8    II.  The Statute of Limitations

9         A.  Statutory Tolling

10              One of the changes the Antiterrorism and Effective Death Penalty Act (AEDPA)

11   made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

26   28 U.S.C. § 2244.

1    In challenges to administrative decisions, the date that triggers the federal statute

2 of limitations is the date on which the factual predicate of the claims could have been discovered,

3 which is usually the date petitioner learns of the result of the administrative appeal of the

4 underlying action.  Redd v. McGrath, 343 F.3d 1077, 1082-83 (9th Cir. 2003).   In this case, the

5 last of the administrative denials occurred on May 10, 2002.  The statute of limitations began to

6 run on May 11, 2002 and expired on May 12, 2003.[3]  See Fed. R. Civ. P. 6(a) (excluding the day

7 from which the period begins to run from the calculation of the time).

8    The statute of limitations is tolled during the pendency of any "properly filed"

9 state collateral attack on the judgment.  Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

10 Respondent concedes that petitioner is entitled to tolling for the time his state petitions were

11 pending, but the concession is not well taken: a collateral attack filed after the expiration of the

12 statute of limitations has expired does not revive it.  Vroman v. Brigano, 346 F.3d 598,

13 601-02 (6th Cir. 2003) (state petition filed outside the statute of limitations does not revive it).

14 Moreover, because the Superior Court petition was denied because of untimeliness, it was not

15 "properly filed" and thus would not toll the statute of limitations.  MTD, Ex. 1 at 3[4]; Pace v.

16 DiGuglielmo, 544 U.S. 408, 414-15 (2005) (untimely state court petition is not "properly filed"

17 and does not toll the statute under 28 U.S.C. § 2244(d)(2)).

18 /////

19 /////

20 /////

21 /////

22 /////

---

23    [3]  The last day of the AEDPA year, May 11, 2003, fell on a Sunday, so the statute is

24 extended until Monday, May 12, 2003.   Sain v. City of Bend, 309 F.3d 1134, 1138 (9th Cir.
2002).

25

26    [4]  This page cite also is to the number assigned to docket number 9-2 by the court's
CM/ECF system.

1    Petitioner argues in his unverified briefing that his first collateral attack was filed

2  within the limitations period, but has provided no proof of that fact.  Opp'n at 3(¶ 5), 4.  The only

3  reference to this petition is contained in the Superior Court's order of September 13, 2004:

4        The petitioner has previously unsuccessfully sought relief from this
         requirement via habeas corpus in this court (Case No. CHW-1621)
5        on the grounds that PC 296 cannot be applied to him because his
         conviction antedates its enactment.  Two Director's Level
6        Decisions included as Exhibits in that application are Exhibits in
         the instant petition; Review of the Director's Level Decisions, and
7        the associated "602" appeals reflects that petitioner at no time
         raised the issue of written notification of the 296 requirements.
8        (The Rules Violation Report itself reflects that "Inmate CARTER
         had a Priority Ducat prior to his appointment time" and quotes the
9        PC 296 notification verbatim.)

10  See Opp'n, Ex. E.

11    Moreover, even if the habeas petition prompting this order was filed within the

12  limitations period and was pending for a month, as petitioner suggests, this extended the AEDPA

13  limitations period only until June 11, 2003.  Petitioner has not borne his burden of showing he is

14  entitled to statutory tolling.  Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002).

15    B.   Equitable Tolling

16    Petitioner argues he is entitled to equitable tolling because prison officials

17  confiscated his legal materials on October 19, 2002 and returned only a portion of the material in

18  March 2003.  He claims he is still attempting to secure copies of what was taken.  Opp'n at 4-5.

19    The Ninth Circuit has held:

20        We will permit equitable tolling of AEDPA's limitations period
         only if extraordinary circumstances beyond a prisoner's control
21        make it impossible to file a petition on time.  When external forces,
         rather than a petitioner's lack of diligence, account for the failure to
22        file a timely claim, equitable tolling of the statute of limitations
         may be appropriate.

23

24  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations, citations omitted).   It

25  is petitioner's burden to show he is entitled to equitable tolling.  Espinoza-Matthews v. People of

26  the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).  To meet his burden, he must

5

1   demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

2   circumstance stood in his way." Pace, 544 U.S. at 418.

3        The Ninth Circuit has recognized that equitable tolling may be justified when,

4   through no fault of his own, a habeas petitioner was separated from his legal files and transcripts.

5   Thus, in Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002), the court recognized that if petitioner was

6   able to bear his burden of showing he was deprived of his legal material for a period of eighty-

7   two days when he was away from the prison, he might be entitled to equitable tolling.

8        In Espinoza-Matthews, 432 F.3d at 1024, the Ninth Circuit considered whether a

9   petitioner was entitled to equitable tolling for the entire time he was in administrative segregation

10  and deprived of his legal property.  In that case, the petitioner asked for access to his legal

11  property, which was being stored while he was in segregation, but was told he could not have

12  access until he was released.  The court found petitioner entitled to tolling for the entire period he

13  was deprived of his legal materials, even though he still had a month after the papers were

14  returned to him before the statute of limitations expired.  Id. at 1028.  As the court observed, "it

15  is 'unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own

16  within the limitations period' without access to his legal file." Id. at 1027 (quoting Spitsyn v.

17  Moore, 345 F.3d 796, 801 (9th Cir. 2003)).

18       Petitioner claims that "numerous court & legal documents" were confiscated.

19  Opp'n, Ex. F at 49[5] (grievance form); see also Opp'n at 5.  He also claims he was unable to

20  obtain copies from prison administrative records until December 2003; although he refers to an

21  "Exhibit H" as showing support for this statement, no such exhibit is attached to his pleading.

22  Thus, apart from the initial grievance, petitioner has provided no support for his contention that

23  he was pursuing efforts to secure the necessary paperwork and that those efforts did not come to

24  fruition until December 2003.  Moreover, he has not explained why he was unable to secure

25  

26       [5] This page number as well was assigned by the court's CM/ECF system.

copies of the grievances and the Director's Level decisions from his Central File earlier than December 2003.   He has not borne his burden of showing he was "pursuing his rights diligently."

Even if the court assumes petitioner is entitled to tolling from October 19, 2002 until December 1, 2003, the instant petition is not timely.  If this 408 day period is added to the AEDPA year, calculated from May 12, 2003, the AEDPA year would be extended until June 23, 2004.  The instant petition, filed in September 2006, is not timely.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 24, 2008.

_____
U.S. MAGISTRATE JUDGE

2 lock2014.157

7